UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTINE M. TREADWELL,

      Plaintiff,

  -v-

COUNTY OF PUTNAM, PUTNAM COUNTY SHERIFF'S OFFICE, DEPUTY SHERIFF MATTHEW T. MONROE, and INVESTIGATOR THOMAS CORLESS,

      Defendants.

Case No. 14-CV-10137 (KMK)

OPINION & ORDER

---

Appearances:

Michael Richard Varble, Esq.
Klein & Solomon, LLP
New York, NY
*Counsel for Plaintiff*

James A. Randazzo, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
White Plains, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

    Christine M. Treadwell ("Plaintiff") initiated this Action against the County of Putnam (the "County"), the Putnam County Sheriff's Office (the "Sheriff's Office"), Deputy Sheriff Matthew T. Monroe ("Monroe"), and Investigator Thomas Corless ("Corless") (collectively, "Defendants"), alleging claims arising under 42 U.S.C. § 1983 for violations of her rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments.  Defendants move for Partial Judgment on the Pleadings pursuant to Rule 12(c) to dismiss the federal claims against the

County and all claims against the Sheriff's Office. For the following reasons, the Motion is granted.

## I. Background

### A. Factual Background

The following facts are drawn from Plaintiff's Complaint and are taken as true for the purpose of resolving the instant Motion. The events giving rise to this Action began on April 16, 2014, when the Plaintiff called 911 from her home telephone to report an "unrelated incident." (Notice of Removal Attach. 1 ("Compl.") ¶ 10 (Dkt. No. 1).) Shortly after the 911 call was placed, Monroe entered Plaintiff's home, and, without warning, proceeded to place Plaintiff under arrest, (*id.*), despite the fact that Plaintiff "pos[ed] no threat of violence or escape to . . . Monroe and Cor[]less," (*id.* ¶ 35). Monroe then grabbed Plaintiff from behind by her arms, and violently shoved Plaintiff forward while her arms were still restrained, causing her to fall and strike her head on the hardwood floor while Monroe was still on top of her. (*Id.* ¶ 11.) As a result, Plaintiff "sustained a severe head injury and remained on the floor because she could not walk." (*Id.* ¶ 12.) Plaintiff informed Monroe and Corless of her condition, specifically her inability to walk. (*Id.*) At that time, Monroe and Corless forcibly grabbed Plaintiff under each arm, and dragged her approximately 40 yards on her knees out through the front door of her home, over rocky steps and across the front lawn to a waiting patrol car. (*See id.* ¶¶ 12, 39.)

Once inside the patrol car, Monroe and Corless determined that her injuries were serious, and Plaintiff was transported via ambulance to Hudson Valley Hospital in Peekskill, New York. (*See id.* ¶ 13.) Plaintiff remained in restraints in the ambulance without the officers present for the duration of her transport to the hospital. (*Id.* ¶ 14.) Upon arrival at the Hudson Valley Hospital emergency room, Plaintiff alleges she was "restrained to a hospital bed by being placed

in two sets of handcuffs and chained to the bed rails." (*Id.* ¶ 15.)  Plaintiff remained in restraints until a CAT scan revealed fractured orbital bones, at which time Corless and another Putnam County Deputy removed the restraints and left Plaintiff in the hospital alone.  (*Id.* ¶ 16.)

According to Plaintiff, as a result of Defendants' actions, she suffered "severe personal injuries," including permanent disfigurement, a fractured orbital bone, "loss of or diminished vision," permanent nerve damage, "permanent pain and suffering," and "such other and further claims as they arise in time, the nature and extent of which are unknown at this time."  (*Id.* ¶ 17.)

### B.  Procedural Background

Plaintiff initially filed suit in state court by complaint dated November 11, 2014, (*see* Compl. 10), but Defendants removed the case to federal court on December 15, 2014, (*see* Dkt. No. 1).  The Complaint contains four causes of action: two for battery, assault, and excessive use of force under New York common law, and two for violations of Plaintiff's rights under the United States Constitution.  Defendants filed their Motion for Partial Judgment on the Pleadings and accompanying papers on May 4, 2015.  (*See* Dkt. No. 7–9.)  Plaintiff submitted her Opposition on June 16, 2015.  (*See* Dkt. No. 13.)  Defendants filed their reply on June 22, 2015. (*See* Dkt. No. 14.)

## II.  Discussion

### A.  Standard of Review

Defendants move for a partial judgment on the pleadings under Rule 12(c) of the Federal Rules of Procedure.  A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Procedure is governed by the same standard as a motion to dismiss under Rule 12(b)(6).  *See Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 324 (2d Cir. 2011); *Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 241 (S.D.N.Y. 2015).  "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations, citations, and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alterations and internal quotation marks omitted). Instead, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not nudged [his or her] claim [] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 697 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen a ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Dixon v. United States*, No. 13-CV-2193, 2014 WL 23427, at *1 (S.D.N.Y. Jan. 2, 2014) ("For the purpose of this motion to dismiss, we assume that the facts alleged in the [the plaintiff's] complaint are true."). Furthermore, "[f]or the purpose of resolving [a] motion to dismiss, the Court. . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T&M Prot. Res. Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, when adjudicating a motion to dismiss "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted); *see also Hendrix v. City of N.Y.*, No. 12-CV-5011, 2013 WL 6835168, at 82 (E.D.N.Y. Dec. 20, 2013).

B.  Analysis

Defendants move for a partial judgment on the pleadings with respect to the County on the grounds that Plaintiff has failed to sufficiently plead a policy, practice, or action by a final decision maker, which would allow for liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (*See* Mem. of Law in Supp. of Defs.' Mot. for Partial J. on the Pleadings ("Defs.' Mem.") 5–7 (Dkt. No. 9).)[1]

It is well established that a municipality may not be held liable under 42 U.S.C. § 1983 for the actions of its employees based on a theory of respondeat superior. *See Monell*, 436 U.S.

---

[1] Defendants also initially moved to dismiss on the grounds that the Sheriff's Office was not a suable entity. (*See* Defs.' Mem. 7–8.) In her opposition, Plaintiff agreed, and withdrew her claim against the Sheriff's Office. (*See* Aff'n in Opp'n to Mot. ¶ 28 (Dkt. No. 13).)

5

at 691–94.  However, a plaintiff can establish a violation of her constitutional rights by showing the violation was caused by a municipal policy, practice, or custom.  *Id.* at 694.  In order to prevail on a *Monell* claim "a plaintiff is required to prove:  (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury."  *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008).

The County argues Plaintiff has failed to satisfy the fifth element by failing to allege a municipal policy or custom sufficient to support a *Monell* claim.  (*See* Defs.' Mem. 5–6.)  A plaintiff may satisfy the "policy or custom" requirement by alleging:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted).  In the end, "a plaintiff must demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury."  *Roe*, 542 F.3d at 37.

Plaintiff does not rely on or allude to any County policy or custom that encourages or tolerates the use of excessive force by its law enforcement officials.  Instead, Plaintiff maintains she has pled sufficient facts to lead to the plausible inference that the County has failed to adequately train and/or supervise its employees that amounts to a deliberate indifference to the rights of those who come into contact with its employees.  (*See* Aff'n in Opp'n to Mot. ("Pl.'s Opp'n") ¶¶ 21–27 (Dkt. No. 13).)  Three requirements must be met before a municipality's failure to train or supervise constitutes a deliberate indifference to the constitutional rights of

citizens.  *See Walker v. City of N.Y.*, 974 F.2d 293, 297 (2d Cir. 1992); *Vasconcelloes v. City of N.Y.*, 12-CV-8445, 2016 WL 403474, at *3 (S.D.N.Y. Jan. 28, 2016).  First, Plaintiff must show that a municipal policymaker knows to a moral certainty that municipal employees will confront a given situation.  *See Walker*, 974 F.2d at 297; *Vasconcelloes*, 2016 WL 403474, at *3.  Second, Plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation.  *See Walker*, 974 F.2d at 293; *Vasconcelloes*, 2016 WL 403474, at *3.  Finally, Plaintiff must show that the wrong choice by the municipal employee will frequently cause the deprivation of a citizen's constitutional rights.  *See Walker*, 974 F.2d at 298; *Vasconcelloes*, 2016 WL 403474, at *3.

To establish *Monell* liability premised on a failure to supervise, a plaintiff must plead that (1) there was a pattern of allegations of or complaints about, or a pattern of actual, similar unconstitutional activity, and (2) the municipality consistently failed to investigate those allegations.  *Tieman v. City of Newburgh*, No. 13-CV-4178, 2015 WL 1379652, at *21–22 (S.D.N.Y. Mar. 26, 2015).  To set forth a failure to train claim, "a plaintiff must plausibly allege a specific deficiency in the municipality's training." *Id.* at *22.  In particular, a failure to train constitutes a policy or custom that is actionable under [§] 1983 only where "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to the need."  *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).  Thus, Plaintiff must allege facts that support an inference that the county failed to train its employees, that it did so with deliberate indifference, and that failure to train caused Plaintiff's constitutional injuries.  *Id.*

At this stage, of course, Plaintiff need not prove these elements, but must still plead enough facts to make out a plausible claim for relief. Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, *see Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), a complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (alteration in original) (internal quotation marks omitted). Thus, to survive the Motion, Plaintiff cannot merely allege the existence of municipal policy or custom but "must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." *Santos v. N.Y. City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012).

Plaintiff has not come close to meeting this burden here. First, as noted, the Complaint is devoid of any specific allegations that could lead to the inference that an official County policy, practice, or custom caused Plaintiff's alleged constitutional injuries. Rather, the Complaint details an isolated series of incidents between Plaintiff and County employees that was the cause of her alleged constitutional injuries. However, *Monell* liability does not derive from individual incidents of wrongdoing by non-policymakers. *See City of Canton*, 489 U.S. at 387 ("[A] city [would not] automatically be liable under § 1983 if one of its employees happened to apply [a municipal] policy in an unconstitutional manner, for liability would then rest on respondeat superior." (italics omitted)); *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992) (noting that a municipality "may not be liable under § 1983 simply for the isolated unconstitutional acts of its employees"); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy . . . .").

Second, Plaintiff has failed to plead any facts that could lead to the inference that the County displayed a deliberate indifference to the training and supervision of its employees, and that this deliberate indifference caused Plaintiff's alleged injuries.  Plaintiff's Complaint does not set forth any allegations of constitutional violations committed by County employees against individuals other than herself.  For example, Plaintiff fails to allege:  (1) any prior bad acts like those alleged here that should have put the County on notice of the need for training, or (2) anything in particular that was defective about the County's training of its employees.  *See, e.g.*, *Acosta v. City of N.Y.*, No. 11-CV-856, 2012 WL 1506954, at *11 (S.D.N.Y. Apr. 26, 2012) (dismissing *Monell* claim where the plaintiff merely alleged that the city "failed to train its police officers as to display a deliberate indifference," because the plaintiff "failed to set forth factual allegations that would support a plausible inference that the [c]ity's 'policies' or 'customs' caused [the] alleged violations of [the] plaintiff's rights") (some internal quotation marks omitted); *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 535–36 (S.D.N.Y. 2012) (disregarding as "conclusory" allegations that "the [defendant][t]own permitted, tolerated, and covered up police abuses, while failing to discipline and supervise offending police officers" (internal quotation marks omitted)).[2]  Therefore, Plaintiff has failed to sufficiently state a *Monell* claim to withstand Defendant's Motion for a Partial Judgment on the Pleadings.

---

[2] This case can be distinguished from *Villante v. Department of Corrections*, 786 F.2d 516 (2d Cir. 1986), upon which Plaintiff relies.  (*See* Pl.'s Opp'n ¶¶ 23–24, 27.)  In contrast to this case, in *Villante*, the plaintiff set forth repeated allegations of sexual assault that occurred over the course of three separate days, rather than a series of incidents over the course of four hours.  *See* 786 F.2d at 518.  Plaintiff's efforts to recast the events of April 16, 2014 as "an across the board pattern of deliberate indifference which can only be the result of a failure to supervise and/or a failure to train," (Pl.'s Opp'n ¶ 22), is unavailing, as her conceptual parsing of a series of related incidents into discrete subcomponents is not the same as adequately alleging the existence of a pattern of misconduct, *see Connick v. Thompson*, 563 U.S. 51, 63 n.7 (2011) (rejecting the plaintiff's assertion that his case "[was] not about a 'single incident' because up to four prosecutors may have been responsible for the nondisclosure of the crime lab report [at

### III. Conclusion

For the foregoing reasons, the Court grants Defendant's Motion for a Partial Judgment on the Pleadings, and dismisses all federal claims against the County and all claims against the Sheriff's Office. The Clerk of the Court is respectfully requested to terminate the pending Motion. (Dkt. No. 7.)

SO ORDERED.

Dated:      March 30, 2016
            White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

issue] and, according to his allegations, withheld additional evidence in [the plaintiff's] . . . trials," reasoning that "contemporaneous . . . conduct cannot establish a pattern of violations that would provide notice to the city and the opportunity to conform to constitutional dictates" (alterations and internal quotation marks omitted)).

10